## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN MEDICAL SYSTEMS, INC. and
LASERSCOPE,

        Plaintiffs,

    v.

BIOLITEC, INC.

        Defendant.

Civil Action No. 3:07-CV-30109-MAP

October 30, 2008

## BIOLITEC, INC.'S MOTION FOR
## SUMMARY JUDGMENT OF NON-INFRINGEMENT

Defendant biolitec, Inc. ("biolitec") respectfully moves this Court for an order granting

summary judgment of non-infringement of the asserted claims of U.S. Patent No. 6,986,764

("the '764 patent") in biolitec's favor.  As set forth in the accompanying memorandum of law,

biolitec's motion for summary judgment should be granted for the following reasons:

1.  With respect to literal infringement, there is no dispute regarding the degree to which

laser radiation at a wavelength of 980 nm is absorbed in water, and no reasonable jury could find

that this absorption is negligible.  Therefore, the accused biolitec device and method do not

literally infringe the asserted claims of the '764 patent.

2.  With respect to equivalents infringement, biolitec's accused device and method cannot

as a matter of law infringe the literally-absent photoselective vaporization limitation by

equivalents for the following reasons.  First, the '764 claims are specifically limited to

wavelengths that are "absorbed **only to a negligible degree** by water."  biolitec's 980 nm

wavelength radiation is absorbed **more than** a negligible degree by water, is the opposite of that

claimed, and therefore is necessarily excluded by this limitation.  Second, to allow 980 nm

wavelength radiation, that is absorbed more than a negligible degree by water, to be equivalent to

a wavelength that is not more than negligibly absorbed by water, would vitiate this limitation.

Third, the '764 specification denigrates wavelengths that are not both strongly absorbed in

oxyhemoglobin and negligibly absorbed in water, touts the advantages of the claimed

photoselective wavelengths over such inferior wavelengths, and thereby disavows such

wavelengths from the scope of the claims.

    For the foregoing reasons, and those set forth in the accompanying memorandum of law,

it is respectfully requested that the Court grant Defendant biolitec's Motion for Summary

Judgment of Non-Infringement of the '764 patent.


Dated: October 30, 2008                         THE DEFENDANT
                                                BIOLITEC, INC.

**I hereby certify that a true copy of the**
**above document was served upon the**           By  /s/ James F. DeDonato
**attorney of record for the Plaintiffs American**      Mark D. Giarratana
**Medical Systems, Inc. and Laserscope by**             *mgiarratana@mccarter.com*
**electronic mail.**                                    Eric E. Grondahl
                                                        *egrondahl@mccarter.com*
                                                        James F. DeDonato
**/s/ James F. DeDonato**                               *jdedonato@mccarter.com*
                                                        McCARTER & ENGLISH, LLP
                                                        CityPlace I
                                                        Hartford, CT  06103
                                                        Phone:  (860) 275-6700

                                                        and

                                                        David M. Ianelli
                                                        *dianelli@mccarter.com*
                                                        McCARTER & ENGLISH, LLP
                                                        265 Franklin Street
                                                        Boston, MA 02110
                                                        Phone:  (617) 449-6544

ME1 7844189v.1